UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. _____

Paul Horner and David Byron, proposed class representatives and individually,

vs.                                                            CLASS ACTION

Amcrest Industries, LLC. and Fujian Nan'an Baofeng Electronics Co., Ltd.,

Defendants.

_____/

**PLAINTIFF'S COMPLAINT- JURY TRIAL DEMANDED**

The Plaintiffs, David Byron and Paul Horner, proposed class representative, by counsel, sue the Defendants, Amcrest Industries, LLC., and Fujian Nan'an Baofeng Electronics Co., alleging:

**COUNT I- BREACH OF CONTRACT**

**PARTIES, JURISDICTION AND VENUE**

1. The Plaintiff and proposed class representative, Paul Horner, is a resident of St. Lucie County, Florida.

2. The Plaintiff and proposed class representative, David Byron, is a resident of Seminole County, Florida.

3. The Defendant, Amcrest Industries, Inc., LLC., ("Amcrest") is a limited liability company located organized under the laws of Texas, with its principal office in Houston, Texas.

4. Fujian Nan'an Baofeng Electronics Co., Ltd., ("Fujian") is a limited company under the laws of China. Fujian Nan'an Baofeng Electronics Co., Ltd., manufactured all radio transceivers referred to in this complaint and sold them through distributors in Florida and nationwide.

1

5. This Court has diversity jurisdiction over this action under 28 U.S.C. § 1332(d) because the amount in controversy for the Class exceeds $5,000,000 and putative class members are citizens of a different state than Defendants.

6. Jurisdiction is appropriate in this state pursuant to F.S. 48.193(1).

7. Venue is proper in this District because, as alleged in this Complaint, Defendants conducted and transacted business in this District, and a substantial portion of the events and conduct giving rise to the violations complained of in this action occurred in this District.

## COMMON STATEMENTS OF FACT

8. The Defendant, Fujian, has manufactured and caused to be sold throughout Florida and throughout the United States, a series of radio transceivers under the general designation of UV-5 since 2013 and continues to do so. Sub-models are designated by suffixes.

9. The UV-5 was certified by Fujian solely under Federal Communications Commission ("FCC") Part 90, Private and Mobile Radio Services. Operation outside FCC Part 90 is unlawful and thus the UV-5 series may not be sold or used in the United States pursuant to 47 U.S.C. 302(b) and FCC regulation 2.803(b).

10. The UV-5 radio series manufactured by Fujian are unlawful to be sold in the United States for the following reasons, each independent of one another, as the UV-5 series may not have the capability to transmit on frequencies allocated to other services pursuant to 47 U.S.C. 302(b) and FCC regulation 2.803(b), which is unlawful:

| UV-5 series can transmit capability | Authorized user | FCC Part authorized to use |
|---|---|---|
| 136-137 mhz | Aviation Services | 87 |
| 137-138 mhz | Satellite Communications | 25 |
| 138-139.9 mhz | Federal government/military no FCC licensees | -- |

| 156.7625-157.0375 mhz | Maritime & Aviation | 80, 87 |
| --- | --- | --- |
| 406-406.1 mhz | Distress signals | |

11. Defendant Amcrest sells the UV-5 series to any purchaser and do not verify licensure.

12. On August 1, 2018, the FCC issued a Citation and Order against Amcrest Industries, LLC., attached as Exhibit 1. The FCC found that the transceivers in the UV-5 series manufactured by defendant Fujian Nan'an Baofeng Electronics Co., Ltd. since 2013 were unlawful for sale and ordered the halt of the sale in the future.

13. On September 24, 2018, the FCC issued an Enforcement Advisory, attached as Exhibit 2 hereto, referring to the citation referred to in paragraph 7, stating that the devices like those cited in Exhibit 2 may not be advertised, sold or used in the United States. A copy of the advisory is attached as Exhibit 2.

14. Each of the defendants is a merchant of radio transceivers.

15. At all times material to this litigation, Defendants, Amcrest Industries, LLC. and Fujian Nan'an Baofeng Electronics Co., Ltd., knew, or should have known that the UV-5 series was unlawful to advertise and sell in the United States but willfully ignored the law.

16. Defendant, Amcrest Industries, LLC. as of 2 October 2018, continues to advertise or sell UV-5 radios in violation of the law.

17. Plaintiff and proposed class representative, David Byron, purchased a UV-5 on October 1, 2018.

18. Plaintiff and proposed class representative, Paul Horner, purchased a UV5-RA on October 15, 2014, prior to the FCC notices (Exhibits 1 and 2)

**CLASS ACTION ALLEGATIONS**

19. Plaintiffs bring this action on their own behalf and on behalf of all others similarly situated as permitted by Federal Rule of Civil Procedure 23(a), (b)(1), (b)(2), (b)(3), and (c)(4). There are in excess of 50,000 purchasers of the UV-5 series radios in the United States.

20. The proposed **Nationwide Class** ("Class") consists of:

    **All persons throughout the United States who from 2013 to August 1, 2018 purchased UV-5 series radios**

21. Defendants are excluded from the Classes as well as any entity in which Defendants have a controlling interest, along with Defendants' legal representatives, officers, directors, assignees and successors. Also excluded from the Classes is any judge to whom this action is assigned, together with any relative of such judge, and the spouse of any such persons, and the members of the judge's staff.

22. The Classes are so numerous that joinder of all Members is impracticable. Information in the records of Defendants will establish the names and addresses of Class Members and the size of the Classes.

23. The common questions of law and fact among all Class Members predominate over any issues affecting individual Class Members, and include the following:

    a. Whether Defendants advertised for sale a series of radio transceivers in violation of FCC regulations;

    b. Whether Defendants sold a series of radio transceiver in violation of FCC regulations.

    c. Whether Defendant Amcrest has falsely advertised the UV-5R 2+ and other radios of the UV-5 series was capable of transmitting at 4 watts;

4

    d. Whether Plaintiffs and Class Members are entitled to equitable and injunctive relief; and

    e. Whether Plaintiffs and Class Members have sustained monetary loss and the proper measure of that loss.

24. Plaintiffs will fairly and adequately protect the interests of all the Classes.

25. Plaintiffs' claims are typical of those of other Class Members, as there are no material differences in the facts and law underlying their claims and Plaintiffs' prosecution of their claims will advance the claims of all Class Members.

26. Plaintiffs have retained competent counsel experienced in the prosecution of this type of litigation. Counsel for Plaintiff is licensed by the FCC as an Amateur Radio Extra Class operator, the highest level of licensure available for radio amateurs, and has been employed in various capacities including commercial broadcasting engineering and operations since 1975, and is thus familiar with radio engineering and practice.

27. Class treatment of the claims set forth in this Second Amended Complaint is superior to other available methods for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation, particularly in light of the damages involved when compared with just the filing fees alone, would make it impracticable or impossible for the proposed Class Members to prosecute their claims individually. Absent a Class action, a multiplicity of individual lawsuits would be required to address the claims between the Class Members and Defendants so that inconsistent treatment and adjudication of the claims would likely result.

28. The litigation and trial of Plaintiffs' claims are manageable. Defendants' uniform conduct, the consistent provisions of the relevant laws, the presence of a reasonable mathematical based methodology for generalized proof of damages and the impact of Defendants'

    conduct on the Class, and the readily ascertainable identities of many Class Members demonstrates that there would be no significant manageability problems with prosecuting this lawsuit as a Class action.

29. Adequate notice can be given to Class Members directly using information maintained in Defendants' records.

30. Defendants have acted or refused to act on grounds that apply generally to the Class, making final injunctive relief appropriate to the Class as a whole.

31. Defendants' acts and omissions are the direct and proximate and/or direct cause of damage described more fully in the paragraphs set forth in this Amended Complaint.

## BREACH OF CONTRACT

32. As to all Uv-5 series radios sold by the Defendants, are unlawful to sell and to use.

33. Plaintiffs revoke their acceptance of the UV-5 radios.

34. Plaintiffs have suffered damages from the breach of contract.

## RELIEF SOUGHT

FOR ALL THESE REASONS, Plaintiffs individually and on behalf of all others similarly situated, seek relief as more fully set forth in this Complaint as follows:

a. For an order certifying that the action may be maintained as a Class action, under Rule 23(a), (b)(1), (b)(2),(b)(3) and (c)(4) of the Federal Rules of Civil Case Procedure, appointing Plaintiffs, Class Representatives, and appointing their counsel as Counsel for the Class;

b. For an award of damages, plus interest on the sums paid by them as described above from the date such sums were paid;

c. Costs and litigation expenses;

d. A jury trial;

e. For any further legal and equitable relief as this Court may deem just and proper.

6

**COUNT II- BREACH OF CONTRACT**

The Plaintiffs, David Byron and Paul Horner, proposed class representative, by counsel, sue the Defendants, Amcrest Industries, LLC., and Fujian Nan'an Baofeng Electronics Co., alleging:

35. Plaintiffs re-allege and incorporation by reference paragraphs 1 to 3 as if fully set forth herein. Plaintiffs assert this case of action on behalf of themselves and the Nationwide Class.

36. The UV-5R 2+ and other radios in the Uv-5 series were advertised by Amcrest to be capable of a power output of 1 watt or 4 watts. The radio is in fact only capable of operation at 1 watt. This representation was false when made and known to be false when made. Purchasers of the model UV-5R 2+ would rely upon the stated power output in deciding to purchase. Although amateur radio operators are required to use the least power possible to communicate, having 4 watt transmit capability is a useful feature for a transceiver because this will allow contact, under certain circumstances, from longer range. At the time made, defendant Amcrest knew or should have know that the claim was false and would mislead purchasers.

37. Plaintiffs revoke their acceptance of the UV-52+ and have suffered damages as a result of the breach of the contract.

FOR ALL THESE REASONS, Plaintiffs individually and on behalf of all others similarly situated, seek relief as more fully set forth in this Complaint as follows:

a. For an order certifying that the action may be maintained as a Class action, under Rule 23(a), (b)(1), (b)(2),(b)(3) and (c)(4) of the Federal Rules of Civil Case Procedure, appointing Plaintiffs, Class Representatives, and appointing their counsel as Counsel for the Class;

b. For an award of damages, plus interest on the sums paid by them as described above from the date such sums were paid;

c. Costs and litigation expenses;

7

d. A jury trial;

e. For any further legal and equitable relief as this Court may deem just and proper.

## COUNT III

### VIOLATION OF FDUTPA AS TO BOTH DEFENDANTS AS TO THE NATIONWIDE CLASS

The Plaintiffs, David Byron and Paul Horner, proposed class representative, by counsel, sue the Defendants, Amcrest Industries, LLC. and Fujian Nan'an Baofeng Electronics Co., alleging:

38. Plaintiffs re-allege and incorporation by reference paragraphs 1 to 4 and 6 to 32 as if fully set forth herein. Plaintiffs assert this case of action on behalf of themselves and the Nationwide Class.

39. Plaintiffs are a citizens of the State of Florida and defendants have their principal place of business in a State other than the State of Florida. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

40. Florida's Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. §§ 501.201, *et seq.*, declares unlawful "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." *Id.* § 501.201.

41. Plaintiffs and Nationwide Class members are "consumers" as defined by Florida Statute § 501.203(7), and the subject transactions are "trade or commerce" as defined by Florida Statute § 501.203(8).

42. Defendants violated and continue to violate FDUPTA by engaging in the described unconscionable, deceptive, unfair acts or practices proscribed by Florida Statute § 501.201, et seq.  Defendants' practices were likely to, and did in fact, deceive and mislead members of the public, including consumers acting reasonably under the circumstances, to their detriment.

43. Defendants have engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of its trade and commerce by advertising and selling UV-5 transmitters despite their knowledge that the radios were unlawful to sell.

44. Defendants have engaged in deceptive marketing as to the UV-5R 2+, advertising that it is capable of transmitting with a power output of 4 watts, when it cannot do so.

45. As to Plaintiff's proposed representative Byron, this case occurred after the FCC order to cease selling the radios.

46. Defendant was unjustly enriched by earning revenue and profits from the sale of products that were unlawful for sale in the United States and fraudulently advertised.

47. Defendants' conduct which was designed, engineered, emanated and was controlled from the state of Florida, is clearly unfair, deceptive, and unconscionable as the practice of falsely advertising features of consumer products and selling products that are unlawful to be sold are well established unfair and deceptive practices.

48. Plaintiffs have agreed to pay their counsel a reasonable fee for his services.

## RELIEF SOUGHT

**FOR ALL THESE REASONS**, Plaintiffs individually and on behalf of all others similarly situated, seek relief as more fully set forth in this Complaint as follows:

a. For an order certifying that the action may be maintained as a Class action, under Rule 23(a), (b)(1), (b)(2),(b)(3) and (c)(4) of the Federal Rules of Civil Case Procedure, appointing Plaintiffs, David Byron and Paul Horner, as Class Representatives, and appointing their counsel as Counsel for the Class;

b. For an award of damages, plus interest on the sums paid by them as described above from the date such sums were paid;

    c. For an award of equitable relief as follows:

        i. Enjoining Defendants from engaging in similar unfair, unlawful, and deceptive misconduct in the future;

        ii. ii. Requiring Defendants to disgorge all ill-gotten gains flowing from the wrongful conduct described in this Complaint;

    d. For an award of attorney's fees, costs and litigation expenses;

    e. For an award of damages, and punitive damages, as permitted under Section 934.10 of the Florida Statutes; and

    f. For any further legal and equitable relief as this Court may deem just and proper.

_____/s/_____
Herbert R Kraft
3030 N. Rocky Point Drive., Suite 150
Tampa, Florida 33607
Florida Bar No. 0394191
813-343-4466
Attorney for Plaintiffs
herb344@aol.com